IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social Security<br>Administration,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | No. C-09-2668 MMC<br><br>**ORDER DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ACTION FOR FURTHER PROCEEDINGS** |

　　　Before the Court are plaintiff Daniel Rodriguez's ("Rodriguez") Motion for Summary Judgment and defendant Michael Astrue's ("the Commissioner") Cross-Motion for Summary Judgment on Rodriguez's claim that he was wrongfully denied Supplemental Security Income ("SSI") benefits. Having read and considered the parties' respective motions and the administrative record, the Court rules as follows.

**BACKGROUND**

　　　Rodriguez, a Cuban national, was paroled into the United States on March 13, 1968, at the age of 19. (See Administrative Record ("AR") 16.)[1] In 1995, Rodriguez began receiving SSI benefits on the basis of a disability and received such benefits through at

---

[1]The administrative record was filed by the Commissioner on December 16, 2009.

least August 22, 1996. (See AR 16, 62.)[2] Rodriguez was placed in deportation proceedings on August 25, 1997, and he became subject to a final "Order of Deportation" on April 16, 1998. (See AR 57-58.) On December 27, 2001, Rodriguez re-applied for SSI benefits,[3] which application the Social Security Administration ("SSA") denied. (See AR 13.) On review, an Administrative Law Judge ("ALJ") found Rodriguez was disabled by reason of schizophrenia, and remanded his application to the SSA to determine whether Rodriguez met the "nondisability requirements" for SSI. (See AR 52.) On remand, the SSA denied Rodriguez's claim, finding Rodriguez "did not meet the requirements for alien residency." (See AR 13, 62-63.) Rodriguez again sought review, and the ALJ, in a decision dated February 23, 2007, found Rodriguez did "not meet the alien status requirements for eligibility for [SSI]." (See AR 18.) On June 10, 2009, the Appeals Council denied Rodriguez's request for review. (See AR 2.) Thereafter, Rodriguez filed the instant action seeking judicial review of the ALJ's decision.

**DISCUSSION**

In general, aliens are not eligible to receive federal public benefits, including SSI benefits. See 8 U.S.C. §§ 1611(a), 1612(a). A disabled alien, however, may be eligible for SSI benefits under two exceptions.

First, a disabled alien who is a "qualified alien" within the meaning of 8 U.S.C. § 1641 is, under certain circumstances, eligible fo such benefits. See 8 U.S.C. § 1612(a)(2)(F). Here, the ALJ found Rodriguez is not a "qualified alien" (see AR 14-16, 18), and the Court agrees. As noted, Rodriguez is subject to a final Order of Deportation, and none of the "qualified alien" definitions encompasses a person subject to such an order. See 8 U.S.C. § 1641.

---

[2] Rodriguez's benefits were "suspended" during the time he was "incarcerated in a public institution" from January 10, 1996 to July 8, 1996. (See AR 16.)

[3] Other than the above-referenced period of suspension, the administrative record contains no indication as to the time(s) at which Rodriguez had not been receiving SSI benefits.

Second, a disabled alien who is not a "qualified alien" but was receiving SSI benefits on August 22, 1996, is eligible for SSI benefits, see 8 U.S.C. § 1611(b)(5), if the alien is "permanently residing in the United States under color of law" ("PRUCOL"), see 20 C.F.R. § 416.202(b)(3). The Code of Federal Regulations identifies seventeen "categories of aliens who are permanently residing in the United States under color of law." See 20 C.F.R. § 416.1618(b). Here, the SSA found Rodriguez met the requirements for PRUCOL status under the definition set forth in § 416.1618(b)(13), specifically, that Rodriguez had "entered and continuously resided in the United States since before January 1, 1972," see 20 C.F.R. § 416.1618(b)(13), but then found his claim subject to denial because he was a "deportee." (See AR 62.)[4]

The ALJ denied Rodriguez's claim for a different reason than that given by the SSA. First, the ALJ acknowledged that, pursuant to § 416.1618, an alien who is PRUCOL is eligible for SSI benefits. (See AR 17.) The ALJ next noted that the definition of PRUCOL includes persons who are "residing in the United States pursuant to an indefinite stay of deportation," see 20 C.F.R. § 416.1618(b)(3), but then determined Rodriguez had failed to show he was PRUCOL or otherwise eligible for SSI benefits. (See AR 17.)

The ALJ's denial of Rodriguez's application for SSI benefits, which denial followed the ALJ's citation to § 416.1618(b)(3), necessarily indicates a finding that Rodriguez had failed to show he was subject to an indefinite stay of deportation. The ALJ's order does not address, however, Rodriguez's eligibility for PRUCOL status under any other PRUCOL category. As noted, the SSA found Rodriguez was, at least during some period of time,

---

[4] The SSA's latter finding appears to be incorrect. Although a person who is in fact deported is ineligible for SSI benefits, see 42 U.S.C. § 402(n)(1); Martello v. Bowen, 803 F.2d 851, 852-53 (5th Cir. 1986) (holding payment of social security benefits "precluded" where claimant "has been deported"), Rodriguez does not appear to be a "deportee," see POMS GN 00303.500A.2 (precluding payment of benefits to "deportee[s]"), because he has not been deported. To the extent the SSA may have concluded that a person who has not been deported, but who is subject to a final order of deportation, is per se ineligible for SSI benefits, the SSA cited to no authority for such proposition, nor has the Court otherwise been apprised of such authority. Because, as discussed below, the ALJ denied Rodriguez's claim for a different reason, the Court does not further address the SSA's reasoning herein.

3

1  PRUCOL under the definition set forth in § 416.1618(b)(13); the ALJ did not address the
2  continued applicability of such subsection. Further, the ALJ did not address the
3  applicability of § 416.1618(b)(17), which provides that an alien is PRUCOL if he is "living in
4  the United States with the knowledge and permission of the Immigration and Naturalization
5  Service and whose departure that agency does not contemplate enforcing." See 20 C.F.R.
6  § 416.1618(b)(17). In connection with his hearing before the ALJ, Rodriguez, who
7  proceeded pro se, submitted evidence that the United States has, for a number of years,
8  issued him work authorization cards. (See, e.g, AR 9, 70, 73.) An alien subject to a final
9  order of deportation, such as Rodriguez, may only receive a work authorization card if "the
10 Attorney General makes a specific finding that – (A) the alien cannot be removed due to
11 the refusal of all countries designated by the alien or under this section to receive the alien,
12 or (B) the removal of the alien is otherwise impracticable or contrary to public interest."
13 See 8 U.S.C. § 1231(a)(7). The repeated findings by the Attorney General that Rodriguez
14 is entitled to a work authorization card suggest the United States does not contemplate
15 enforcing Rodriguez's departure, due to a refusal by Cuba and all other relevant countries
16 to receive him.[5]

17     Under such circumstances, the Court finds the ALJ's determination as to
18 Rodriguez's ineligibility for SSI benefits is not sufficiently supported in his decision, and,
19 accordingly, will grant Rodriguez's motion, deny the Commissioner's cross-motion, and
20 remand the matter for further consideration of whether Rodriguez is eligible as an alien
21 permanently residing in the United States under color of law.
22 //

---

[5] The Court notes that the administrative record does include, as part of a document prepared for the SSA by an employee of the Department of Justice, a page containing illegible handwriting. (See AR 61.) Neither the SSA nor the ALJ, nor either party to the instant action, has cited to such entry. Consequently, although the entry appears to relate to an inquiry regarding the Department of Homeland Security's intentions as to Rodriguez's deportation order, the Court assumes such illegible notation has no bearing on the issue of whether Rodriguez is or is not entitled to SSI benefits. If either party is of the view that the content of such page is dispositive of the issue, that party may produce a legible copy and seek reconsideration of the instant order.

**CONCLUSION**

For the reasons stated above, Rodriguez's motion for summary judgment is hereby GRANTED, the Commissioner's cross-motion is hereby DENIED, and the matter is hereby REMANDED to the Commissioner for further proceedings consistent herewith.

**IT IS SO ORDERED.**

Dated: December 6, 2010

MAXINE M. CHESNEY
United States District Judge